IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PFIZER INC., <br> PFIZER PHARMACEUTICALS, LLC, <br> PFIZER LIMITED, <br> C.P. PHARMACEUTICALS INTERNATIONAL C.V., <br> PFIZER IRELAND PHARMACEUTICALS, <br> WARNER-LAMBERT COMPANY, <br> WARNER-LAMBERT COMPANY, LLC <br> and <br> WARNER-LAMBERT EXPORT LTD. <br><br> Plaintiffs, <br><br> v. <br><br> RANBAXY LABORATORIES LIMITED, and RANBAXY INC. <br><br> Defendants. | Civil Action No. 07-138 (JJF) |

### REPLY TO COUNTERCLAIMS IN CIVIL ACTION

Plaintiffs hereby reply to defendant's Counterclaims, as follows:

80. Admitted that defendants, Ranbaxy Laboratories Ltd. and Ranbaxy Inc. (collectively "Ranbaxy") purport to seek declaratory judgment under 28 U.S.C. §§2201 and 2202 and the Patent Laws of the United States. Except as expressly admitted, the remaining averments of this paragraph are denied.

81. Admitted.

82. Admitted.

83. Admitted.

84. Admitted.

85. Admitted.

86. Admitted.

87. Admitted.

88. Admitted.

89. Admitted.

90. Admitted only that there is an actual controversy between Ranbaxy and Pfizer concerning the invalidity and/or infringement of the '574 patent and the infringement of the '893 patent during its patent term extension and therefore Ranbaxy's purported right to continue to seek approval for its ANDA product containing amlodipine besylate / atorvastatin calcium, and upon approval by the FDA, to manufacture, import, use, market, sell and offer to sell its amlodipine besylate / atorvastatin calcium ANDA product in the United States. Except as expressly admitted, the remaining averments of this paragraph are denied.

91. Admitted only that this Court has jurisdiction over Ranbaxy's First, Second and Third counterclaims. It is expressly denied that this Court has jurisdiction over Ranbaxy's Fourth, Fifth, Sixth, and Seventh counterclaims. Except as expressly admitted, the remaining averments of this paragraph are denied.

92. Admitted.

93. Upon information and belief admitted.

94. Admitted.

95. Admitted.

96. Admitted that prior to trial, Pfizer withdrew its assertion of infringement of Claims 1, 2, 11 and 12 of the '995 patent and that Pfizer granted Ranbaxy a covenant not to sue on all claims of the '995 patent except Claim 6. It is further admitted that the parties stipulated to the dismissal of Ranbaxy's counterclaims asserting invalidity or noninfringement of all claims of the '995 patent except claim 6, which stipulation the District Court entered as D.I. 255 on November 17, 2004. The covenant not to sue

speaks for itself. Except as expressly admitted, the remaining averments of this paragraph are denied.

97. Admitted.

98. Admitted that the Federal Circuit in Appeal No. 06-1179 ruled that Claim 6 of the '995 patent was invalid for failure to comply with 35 U.S.C. § 112, ¶ 4. Admitted that the Federal Circuit declined to review whether the '995 patent was invalid, unenforceable or not infringed by Ranbaxy on grounds other than 35 U.S.C. § 112, ¶ 4. Except as expressly admitted, the remaining averments of this paragraph are denied.

99. Admitted.

100. Admitted that an application for reissue of the '995 patent has been filed with the U.S. Patent and Trademark Office on behalf of Pfizer and that the said reissue application speaks for itself. Except as expressly admitted, the remaining averments of this paragraph are denied.

101. Admitted.

102. Pfizer is without sufficient information to admit or deny the averments of this paragraph.

103. Admitted that Pfizer has sued Ranbaxy for infringement of the '893 patent, and its term extension, and the '574 patent based on Ranbaxy's amlodipine besylate / atorvastatin calcium ANDA product. Denied that Ranbaxy is under reasonable apprehension that Pfizer will sue Ranbaxy for infringement of the '995 patent based on Ranbaxy's amlodipine besylate / atorvastatin calcium ANDA product. Except as expressly admitted, the remaining averments of this paragraph are denied.

104. Denied.

105. Admitted only that there is an actual controversy between Ranbaxy and Pfizer concerning the validity and/or infringement of the '574 patent and the infringement of the '893 patent during its patent term extension and Ranbaxy's purported right to continue to seek approval for its ANDA product containing amlodipine besylate / atorvastatin calcium, and upon approval by the FDA, to manufacture, import, use, market, sell and offer to sell its amlodipine besylate / atorvastatin calcium ANDA product in the United States. Except as expressly admitted, the remaining averments of this paragraph are denied.

106. Pfizer repeats and realleges its replies to Counterclaim paragraphs 80 through 105 hereof as though fully set forth herein.

107. Denied.

108. Pfizer repeats and realleges its replies to Counterclaim paragraphs 80 through 107 hereof as though fully set forth herein.

109. Denied.

110. Pfizer repeats and realleges its replies to Counterclaim paragraphs 80 through 109 hereof as though fully set forth herein.

111. Denied.

112. Pfizer repeats and realleges its replies to Counterclaim paragraphs 80 through 111 hereof as though fully set forth herein.

113. Denied.

114. Pfizer repeats and realleges its replies to Counterclaim paragraphs 80 through 113 hereof as though fully set forth herein.

115. Denied.

116. Pfizer repeats and realleges its replies to Counterclaim paragraphs 80 through 115 hereof as though fully set forth herein.

117. Admitted only that U.S. Application No. 07/303,733 (the "'733 application") was filed on February 1, 1989 and that the '733 application issued as U.S. Patent No. 5,003,080 (the "'080 patent") on March 26, 1991. Except as expressly admitted, the remaining averments of this paragraph are denied.

118. Admitted that the '080 patent is a written document that speaks for itself. Except as expressly admitted, the remaining averments of this paragraph are denied.

119. Admitted that the '080 patent names Dr. Bruce D. Roth as a co-inventor, and the '995 names Dr. Roth as the sole inventor, and that Ronald A. Daugnault was one of the attorneys that prosecuted the applications that lead to the '080 and '995 patents. Except as expressly admitted, the remaining averments of this paragraph are denied.

120. Denied as phrased.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Pfizer repeats and realleges its replies to Counterclaim paragraphs 80 through 124 hereof as though fully set forth herein.

126. The specification of the '995 patent is a written document that speaks for itself. Except as expressly admitted the remaining averments of this paragraph are denied.

127. Admitted that the prosecution history of the '995 patent is a written document that speaks for itself. Except as expressly admitted the remaining averments of this paragraph are denied.

128. Admitted that the prosecution history of the '995 patent is a written document that speaks for itself. Except as expressly admitted the remaining averments of this paragraph are denied.

129. Admitted that the prosecution history of the '995 patent is a written document that speaks for itself. Except as expressly admitted the remaining averments of this paragraph are denied.

130. Denied.

131. Denied.

132. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

One or more of Ranbaxy's Counterclaims fail to state a claim on which relief can be granted under the applicable Statutes and Rules, including those pertaining to patent term extension, and such counterclaim(s) should be dismissed under Fed. R. Civ. P. 12.

### Second Affirmative Defense

Ranbaxy lacks standing to assert one or more of its Counterclaims.

### Third Affirmative Defense

The Court lacks subject matter jurisdiction over Ranbaxy's Fourth, Fifth, Sixth and Seventh Counterclaims.

<u>Fourth Affirmative Defense</u>

Ranbaxy's First counterclaim is barred by the doctrine of res judicata.

<u>Fifth Affirmative Defense</u>

Ranbaxy is barred by collateral estoppel from denying infringement of the '893 patent.

WHEREFORE, Pfizer requests that judgment be entered in Pfizer's favor on its Complaint herein and that each of Ranbaxy's Counterclaims be dismissed with prejudice, and further requests:

A. A judgment providing that pursuant to 35 U.S.C. §271 (e) (4) (A), the effective date of any FDA approval for Ranbaxy's ANDA be no earlier than March 24, 2010, the date of expiration of the '893 Patent and its patent term extension (September 24, 2009, with attached six months of pediatric exclusivity ending on March 24, 2010, to which Pfizer is entitled);

B. A judgment pursuant to 35 U.S.C. §271 (e) (4) (B) permanently enjoining Ranbaxy Inc. and Ranbaxy Laboratories, each of their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them or either of them, from making, using, selling, offering to sell, or importing the atorvastatin product described in Ranbaxy's ANDA until March 24, 2010, the expiration date of the '893 patent;

C. A judgment providing that pursuant to 35 U.S.C. §271 (e) (4) (A), the effective date of any FDA approval for Ranbaxy's ANDA be no earlier than February 25, 2020, the date on which the '574 patent expires;

D. A judgment pursuant to 35 U.S.C. §271 (e) (4) (B) permanently enjoining Ranbaxy Inc. and Ranbaxy Laboratories, each of their officers, agents, servants,

employees and attorneys, and those persons in active concert or participation with them or either of them, from making, using, selling, offering to sell, or importing the atorvastatin product described in Ranbaxy's ANDA until February 25, 2020, the expiration date of the '574 patent;

E. A judgment dismissing Ranbaxy's Fourth, Fifth, Sixth and Seventh Counterclaims for lack of Subject Matter Jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et. sec.*

F. Attorneys' fees in this action under 35 U.S.C. §285;

G. Costs and expenses in this action; and

H. Such further and other relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED,

/s/ Jeffrey B. Bove
Rudolf E. Hutz (#484)
Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
Wilmington, DE 19899
(302) 658-9141
*Attorneys for Plaintiffs Attorneys for Plaintiffs
Pfizer Inc., Pfizer Pharmaceuticals, LLC. Pfizer Limited, C.P. Pharmaceuticals International C.V.,
Pfizer Ireland Pharmaceuticals,
Warner-Lambert Company, LLC
And Warner Lambert Export, Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2007, a true copy of the foregoing was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and the document is available for viewing and downloading from CM/ECF:

> Frederick L. Cottrell, III
> Jameson A.L. Tweedie
> Richards, Layton & Finger
> One Rodney Square
> Wilmington, DE 19801

I hereby certify that on the May 3, 2007, I have sent by Electronic Mail the foregoing document to the following non-registered participants:

> Joseph M. Reisman
> William R. Zimmerman
> Payson LeMeilleur
> KNOBBE, MARTENS, OLSON & BEAR, LLP
> 2040 Main Street, 14th Floor
> Irvine, CA 92614

> By: /s/ *Jeffrey B. Bove*
> Jeffrey B. Bove (#998)
> 1007 North Orange Street
> Wilmington, DE 19801
> Telephone: (302) 658-9141

536959_1.DOC