# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PFIZER INC., <br> PFIZER PHARMACEUTICALS, LLC, <br> PFIZER LIMITED, <br> C.P. PHARMACEUTICALS <br> INTERNATIONAL C.V., <br> PFIZER IRELAND PHARMACEUTICALS, <br> WARNER-LAMBERT COMPANY, <br> WARNER-LAMBERT COMPANY, LLC <br> and <br> WARNER-LAMBERT EXPORT LTD., <br><br>    Plaintiffs/Counterclaim-Defendants, <br><br>    v. <br><br> RANBAXY LABORATORIES LIMITED, <br> and RANBAXY INC., <br><br>    Defendants/Counterclaimants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Civil Action No. 07-138 (JJF) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## STIPULATED PROTECTIVE ORDER

WHEREAS, discovery in the above-entitled action ("Action") may involve the disclosure of certain documents, things and information in the possession, custody or control of a party that constitute or contain trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and as further set forth below;

WHEREAS, the parties, through counsel, stipulate to the entry of this Protective Order to prevent unnecessary dissemination or disclosure of such confidential information;

WHEREAS, the parties, through counsel, stipulate that good cause exists for the entry of this Protective Order pursuant to Fed. R. Civ. P. 26(c) to protect against improper disclosure or use of confidential information produced or disclosed in this case.

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL AND

ORDER OF THE COURT as follows:

1.    Scope of Protective Order.  This Protective Order shall apply to all information, documents and things produced or within the scope of discovery in this Action, including, without limitation, all testimony adduced at depositions, documents or things produced in response to requests for the production of documents and things, answers to interrogatories, responses to requests for admission and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as hearing or trial transcripts, matters in evidence and any other information furnished, directly or indirectly, by or on behalf of any party to this Action or any THIRD PARTY to the extent such material is designated "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" in accordance with this Protective Order.

2.    Definitions.  The terms "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" and "THIRD PARTY" or "THIRD PARTIES," as used herein, shall mean the following:

(a)    "CONFIDENTIAL INFORMATION" means information, in any form, relating to confidential research, development, financial, commercial marketing or business information, trade secrets, know-how, or proprietary data relating to research, development, financial, commercial, marketing, business or other technical or non-technical subject matter within the meaning of Fed. R. Civ. P. 26(c)(7).  The designation of "CONFIDENTIAL INFORMATION" by the producing party constitutes the representation of that party that it reasonably and in good faith believes that the designated material constitutes, contains, reveals, relates to, or reflects its trade secrets or other research, development or commercial information within the meaning of Fed. R. Civ. P. 26(e).

2

(b)    "HIGHLY CONFIDENTIAL information means CONFIDENTIAL information that is of such a sensitive nature that it supports a reasonable good faith belief that granting access to such information to an employee or officer of a competitor will place the producing party at a competitive disadvantage. As between the parties to this Action, the categories of documents and information which may be designated HIGHLY CONFIDENTIAL shall include:

(i)    Non-public financial and marketing information, but only to the extent that such information remains non-public consistent with the provisions of Paragraph 23;

(ii)    Information produced by a THIRD PARTY, that has in good faith, and consistent with the meaning of HIGHLY CONFIDENTIAL information as set forth above, designated the information as HIGHLY CONFIDENTIAL;

The parties to this action may not designate information as HIGHLY CONFIDENTIAL, or maintain such designation, if such information becomes publicly known consistent with the provisions of Paragraph 24; or (2) does not satisfy the definition of HIGHLY CONFIDENTIAL information set forth above.

(c) "THIRD PARTY" or "THIRD PARTIES" shall mean any party who is not a named party in this Action, except that a THIRD PARTY or THIRD PARTIES shall not include the following past or present entities of any of the parties: parent corporations, wholly owned or partly owned subsidiaries, subsidiaries of subsidiaries, divisions and affiliates, the predecessors or successors of any of the foregoing, and in particular, Parke-Davis Pharmaceutical Research.

3.    THIRD PARTIES under the Protective Order.  If a THIRD PARTY provides

discovery to any party in connection with this Action, and if the THIRD PARTY so elects, then the provisions of this Protective Order shall apply to such discovery and the parties will treat all information that is produced by such THIRD PARTY and designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in accordance with the terms of this Protective Order. Under such circumstances, the THIRD PARTY shall have the same rights and obligations under this Protective Order as held by the parties to this Action.

4.    Marking Documents and Things. The parties and any THIRD PARTIES shall label or mark documents and things that constitute or contain CONFIDENTIAL or HIGHLY CONFIDENTIAL information with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," respectively, or otherwise designate the materials as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY and subject to the Protective Order. Except as provided below, at least the first page of each document and each thing that constitutes or contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be labeled or marked with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" when the document or thing is produced to the party or parties seeking discovery. Anything that cannot be so marked on its face shall be marked by placing the appropriate legend on a container or package in which the thing is produced or on a tag attached thereto. Each page of each document and each thing produced pursuant to discovery in this Action shall bear a unique identifying number.

Documents and things produced without a legend designating the material confidential shall not be CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION subject to this Protective Order unless otherwise agreed by the parties or ordered by the Court, or otherwise designated CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL in accordance with the provision of paragraph 8 of this Protective Order.

Inspection of documents or things by any party shall be conducted by persons eligible under paragraph 15 below. Such persons shall initially treat all information obtained during or from any inspection as containing HIGHLY CONFIDENTIAL INFORMATION until such time as copies of documents or things from the inspection are produced, and, thereafter, such produced documents and things shall be treated in accordance with the confidentiality designation appearing on the document or thing at the time of its production.

5. Marking Interrogatories, Requests for Admission and Testimony. Any response to written interrogatories or requests for admission or any testimony adduced at a deposition upon written questions (or any portion of any of the foregoing) that constitutes or contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be labeled or marked with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the party providing the response or testimony on the first page of that document near the caption to provide notice that the document contains CONFIDENTIAL or HIGHLY CONFIDENTIAL information. Any response or testimony within the document that constitutes or contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be labeled or marked on the page(s) upon which it appears with the appropriate legend when the response or testimony is served upon the party seeking discovery. Any response not so marked shall not be considered CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION. Responses or testimony served without a legend on the first page designating the material confidential shall not be CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION subject to this Protective Order unless otherwise agreed by the parties or ordered by the Court, or designated CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION in accordance with the provisions of paragraph 8 of this
Protective Order.

6.    Testimony of Current or Former Corporate Personnel.  All testimony adduced at
depositions or upon oral examination of any director, officer, employees or agent of the parties,
whether current or former, and any testimony adduced at depositions or upon oral examination of
the parties' consultants or experts, and any transcripts of the foregoing, will be presumptively
treated as CONFIDENTIAL INFORMATION.  The parties agree to mark at least the first page
of all copies of deposition transcripts with the legend "CONFIDENTIAL."  This paragraph does
not limit any party's right to challenge any presumptive designation or preclude a producing
party from designating testimony or transcripts as HIGHLY CONFIDENTIAL.

7.    Limitations on Attendance at Depositions.  Counsel for a producing party may
request that all persons other than the witness, the court reporter, those individuals specified in
paragraphs 14 and/or 15, and counsel for the witness (if a non-party witness) leave the deposition
room during the portion of the deposition that inquires about or discloses subject matter that
counsel for the producing party deems to be CONFIDENTIAL INFORMATION or HIGHLY
CONFIDENTIAL INFORMATION.  If individuals other than those specified in the previous
sentence fail to leave the deposition room during any portion of the deposition that inquires
about or discloses what counsel for the producing party believes to be CONFIDENTIAL
INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, counsel for the producing
party may seek relief from the appropriate Court and, pending resolution of its request for relief,
instruct the witness not to answer questions relating to, or limit disclosure of, the
CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION at issue.

8.    Inadvertent Production of CONFIDENTLAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION. If a party inadvertently produces or provides discovery of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION without labeling or marking it as provided in this Protective Order, the producing party may give written notice to the receiving party or parties, within ten (10) business days after learning of the inadvertent production, that the document, thing or other discovery information, response or testimony is CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and should be treated as such in accordance with the provisions of this Protective Order. The producing party will also provide copies of the properly marked information (e.g., documents, discovery responses, transcripts, things, and/or all other information within the scope of this Protective Order). Upon receipt of such notice and properly marked information, the receiving party or parties shall return said unmarked or incorrectly marked information to the extent practicable and not retain copies thereof, and shall undertake a best effort to correct any disclosure of such information contrary to the redesignation. Prior to receipt of such notice, disclosure of such documents, things, information, responses and testimony to persons not authorized to receive CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall not be deemed a violation of this Protective Order.

9.      Limitations on Advice to Clients. Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to a party-client in this Action and in the course thereof, relying upon such attorney's examination of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to unauthorized persons.

10.    No Expansion of Federal Rules of Civil Procedure. Nothing in this Protective Order shall be implied to be an implied admission or construed to affect or govern the scope of discovery in this Action, or to preclude any party from moving the Court for a further order pursuant to Fed. R. Civ. P. 26(c), or any other provision of the Federal Rules of Civil Procedure. Nothing contained in this Protective Order shall be construed to require production or disclosure of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION deemed by counsel for the party possessing such material to be protected from disclosure by the attorney-client privilege or the attorney work-product immunity, or other privilege or immunity, so long as the withheld materials are identified in the manner required by the Federal Rules of Civil Procedure by the producing party. This Protective Order shall not preclude any party from moving the Court for an order compelling production or disclosure of such material.

11.    Discovery of THIRD PARTY Information. A producing party may redact the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of a THIRD PARTY that is in its possession where the producing party is under an obligation not to disclose such information, provided that the producing party shall identify the THIRD PARTY to the receiving party and shall not impede discovery by the receiving party from said THIRD PARTY.

12.    Inadvertent Production of Privileged or Work Product Information. If a producing party inadvertently or mistakenly produces information, documents or tangible things in this Action that should have been withheld subject to a claim of attorney-client privilege or work product immunity, or other privilege or immunity, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claims of privilege or work-product immunity for such information. In such an event, the producing party shall request, in

8

writing, within five (5) business days of learning of such inadvertent or mistaken production, the

return of all information for which a claim of inadvertent or mistaken production is made.

Within five (5) business days of receiving a written request to do so from the producing party,

the receiving party shall return to the producing party any documents or tangible items that the

producing party represents are covered by a claim of attorney-client privilege or work-product

immunity, or other privilege or immunity, and were inadvertently or mistakenly produced except

that one copy may be retained to be used solely for the purpose of pursuing or defending a

motion for production of said document. The receiving party also shall destroy any extra copies

or summaries of, or notes relating to, any such inadvertently or mistakenly produced

information; provided, however, that if the receiving party disagrees that the information is

protected from disclosure by the attorney-client privilege, work product immunity or other

privilege or immunity from discovery, it may move the Court for an order that such information

be produced, and may retain copies of the information, and any notes and summaries relating

thereto, pending resolution of its motion. The party claiming the privilege or immunity shall

have the burden of proving that such privilege or immunity exists. Notwithstanding the above,

recognizing the need for the parties to prepare for their cases based on the discovery that is

produced, if any information, document or tangible thing is used in a court hearing, deposition,

as an exhibit to a motion, is referenced in an expert report or pretrial order, or is otherwise used

openly in the case, any claim of inadvertent production must be made within fifteen (15)

business days after such use.

     13.    Use of Designated Materials. Material marked, labeled or otherwise designated

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION as

described in this Protective Order may be used in testimony at trial, offered into evidence at trial

and/or hearings on motions, and may be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion in this Action, subject to the limitations and restrictions of this Protective Order and any further order regarding confidentiality that the Court may enter. This Protective Order governs the use of such material at trial. Such material shall remain confidential at trial, and during any appeals to this Action, and may not be used for any purpose or in any manner other than as permitted by this Protective Order or by further order of the Court. At the request of a producing party, any person(s) not permitted access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION under paragraphs 14 or 15 may be barred from attending any portion of trial, any motion hearing, or depositions at which CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is revealed, subject to any further order regarding confidentiality as this Court may enter.

14.     Access to CONFIDENTIAL INFORMATION. Material marked, labeled or otherwise designated CONFIDENTIAL INFORMATION as described in this Protective Order shall be deemed and treated as CONFIDENTIAL INFORMATION, unless and until the Court rules to the contrary, and access thereto or disclosure thereof shall be limited, unless and until the Court rules that there may be further disclosure, to:

(a)     Connolly Bove Lodge & Hutz LLP, litigation counsel of record for Plaintiffs Pfizer Inc., Pfizer Pharmaceuticals, LLC, Pfizer Limited, C.P. Pharmaceuticals International C.V., Pfizer Ireland Pharmaceuticals, Warner-Lambert Company, Warner-Lambert Company, LLC and Warner-Lambert Export Ltd. (collectively, "Pfizer") and their data entry, information processing, computer support, artist, translating, stenographic, clerical, and paralegal employees or agents whose duties and

responsibilities require access to material designated CONFIDENTIAL INFORMATION;

(b)    Five (5) in-house counsel for Plaintiffs Pfizer, and their stenographic or clerical employees whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION;

(c)    Knobbe Martens Olson & Bear LLP and Richards, Layton & Finger, P.A., litigation counsel of record for Defendants Ranbaxy Laboratories Limited and Ranbaxy Inc. (collectively, "Ranbaxy"), and their data entry, information processing, computer support, artist, translating, stenographic, clerical and paralegal employees or agents whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION;

(d)    Five (5) in-house counsel for Defendants Ranbaxy, and their stenographic or clerical employees whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION;

(e)    Outside consultants or experts to Defendants Ranbaxy, regarding any issue in this Action, who are not current or past employees of any of the parties to this litigation or any present divisions, subsidiaries, parents and affiliates of any of the parties to this litigation, and who are not employees of any direct competitor of the parties (including any divisions, subsidiaries, parents and affiliates of a direct competitor), whose advice and consultation are being or will be used by Defendants Ranbaxy in connection with this Action, including their stenographic and clerical personnel;

(f)    Outside consultants or experts to Plaintiffs Pfizer, regarding any issue in this Action, who arc not current or past employees of any of the parties to this litigation or any present divisions, subsidiaries, parents and affiliates of any of the parties to this

litigation, and who are not employees of any direct competitor of the parties (including

any divisions, subsidiaries, parents and affiliates of a direct competitor), whose advice and

consultation are being or will be used by Plaintiffs Pfizer in connection with this Action,

including their stenographic and clerical personnel;

     (g)    Courts before which this Action is pending and their authorized staff court

reporters, and the jury;

     (h)    Any interpreter, any typist or transcriber used by the interpreter;

     (i)    Any jury study group for litigation support; and

     (j)    Outside copying or exhibit preparation services.

If counsel wish to disclose CONFIDENTIAL INFORMATION to any of the persons

described in subparagraphs (e), (f), (h), (i), or (j), counsel shall first obtain a signed Undertaking

in the form of the annexed Exhibit A from each such person who would require access to

material designated as CONFIDENTIAL INFORMATION.  In the case of a jury study group, an

accounting firm acting as a consultant or an expert under subparagraphs (e) or (f), an outside

copying service or an exhibit preparation service, the Undertaking shall be signed by the

company, firm or service retained by the party, and a single Undertaking by the company, firm

or service shall be sufficient to cover all employees or other individuals paid by the study group,

firm or organization.  Counsel retaining the persons described in subparagraphs (e), (f) (h), (i), or

(j) shall retain the original of each such signed Undertaking.

CONFIDENTIAL INFORMATION shall not be disclosed to any such outside consultant

described in subparagraphs (e), or (f) for a period of ten (10) calendar days after serving the

party providing discovery with the Undertaking referred to herein and a curriculum vitae of the

outside consultant.  Service of the Undertaking shall be made by facsimile with a confirmation

copy by Federal Express or equivalent next-day delivery. No service shall be required for a jury study group or interpreter (and their typist or transcriber). Counsel for the party providing discovery may, within the ten (10) calendar day period, serve a notice of objection if a reasonable basis for such objection exists. If the notice is served, the CONFIDENTIAL INFORMATION will not be disclosed to such outside consultant. Within ten (10) days after service of the objection, if the parties are unable to reach any agreement over the disclosure of CONFIDENTIAL INFORMATION to the expert or consultant, counsel for the objecting party may subsequently move the Court for an order denying disclosure of any CONFIDENTIAL INFORMATION to the outside expert or consultant as to which a notice of objection has been served. If the objecting party files this motion, the CONFIDENTIAL INFORMATION shall not be disclosed to the outside expert or consultant until the Court rules or the parties agree that such disclosure may be made. Failure to file such a motion shall operate as a waiver of this objection.

The recipient of any CONFIDENTIAL INFORMATION shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his/her/its own proprietary information.

15. Access to HIGHLY CONFIDENTIAL INFORMATION. HIGHLY CONFIDENTIAL INFORMATION shall only be disclosed to the individuals falling within subparagraphs (a), (c), (e) and (f) through (j) of paragraph 14. The disclosure of HIGHLY CONFIDENTIAL INFORMATION is fully subject to the requirements and limitations set forth in paragraph 14 regarding the disclosure of CONFIDENTIAL INFORMATION.

16. Third Party Vendors. Counsel may use the services of third party vendors to perform computerized legal support and management services for the purpose of encoding,

loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearing, trials, pleadings, exhibits marked by any party, briefs and accompanying affidavits and appendices, documents produced by any party, or a party's own attorney work product, all of which may contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. Such disclosure shall be made only on the following conditions:

(a)    Counsel desiring to disclose CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to a vendor for the purposes of this paragraph shall first obtain a signed Undertaking in the form of Exhibit A attached hereto, from a representative of the vendor who may receive access to such material. Counsel retaining the vendor shall retain the original of each such signed Undertaking. Service of the Undertaking shall not be required.

(b)    The vendor shall return to the party's counsel all copies of transcripts or other documents containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION within ten (10) days of the conclusion of this Action, including any Appeals.

17.    Disclosure to Other Individuals. Disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION may be made to individuals not identified in paragraphs 14 and/or 15, above, provided that:

(a)    If the parties, including any THIRD PARTIES, wish to provide access to or disseminate CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to any person not otherwise entitled to access under this Protective Order, the producing party or parties may, without leave of the Court, agree to allow such access. In the absence of an agreement, any party may move the Court for an Order that such person be given access thereto. If the motion is granted, such person may have access to the CONFIDENTIAL

INFORMATION or HIGHLY CONFIDENTIAL INFORMATION after first signing an

Undertaking in the form of Exhibit A attached hereto. Counsel for the moving party shall retain

the original of each such signed Undertaking. Service of the Undertaking shall not be required.

(b)    CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION of a producing party may also be disclosed to and/or used to examine, at

deposition and at trial (or other court bearing): (i) an individual who either prepared, received or

reviewed the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION prior to filing of this Action or previously had access or knowledge of the

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, as

demonstrated by the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION itself or foundation testimony during a deposition or trial, and/or (ii) a

currently employed officer, employee or expert of a producing party. A party may disclose or

use in any manner or for any purpose, any information or documents from that party's own files

that the party itself has designated CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION.

18.    Disclosures Shall Not Be Used for Other Purposes. Material designated

CONFIDENTIAL or HIGHLY CONFIDENTIAL, including all information derived therefrom,

and all copies, summaries, abstracts, excerpts, indices and descriptions of such material shall be

held in confidence by the receiving party, shall be used only by persons permitted access to it

under this Protective Order, shall not be disclosed by the receiving party to any party or person

not entitled under the terms of this Protective Order to have access to such material, shall not be

used for any purpose other than in connection with this Action, including any other legal

proceedings, and shall not be used in any way for research, development, manufacture, patent

prosecution, financial, commercial, marketing, regulatory, business or other competitive purpose.

19.    Inadvertent Disclosure. If CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is disclosed or comes into the possession of any person not authorized to receive such information under this Protective Order, the party responsible for the disclosure shall: (a) within five (5) business days inform the designating party of all pertinent facts relating to such disclosure, including the identity of the person to whom the inadvertent disclosure was made; (b) use its best efforts to obtain the prompt return of any such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and to bind such unauthorized person or party to the terms of this Protective Order; (c) within three (3) business days of the discovery of such disclosure, inform such unauthorized person or party of all provisions of this Protective Order; and (d) request such unauthorized person or party to sign the Undertaking in the form attached hereto as Exhibit A. The executed agreement shall be served upon counsel of record for the producing party within five (5) business days of its execution by the person or party to whom CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION was disclosed. The requirements set forth in this Paragraph shall not prevent the producing party from applying to the Court for further or additional relief.

20.    Filing Under Seal. If any material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is to be filed with the Court in connection with this Action, such material shall not be filed electronically and shall be filed with the Clerk of the Court in sealed envelopes or containers prominently marked with the caption of the case, a general description of the contents of the envelope or container (illustrated below), or shall otherwise be filed under seal in accordance with the Local Rules or practice of the court in which the information is filed:

PFIZER INC., )
PFIZER PHARMACEUTICALS, LLC, )
PFIZER LIMITED, )
C.P. PHARMACEUTICALS )
INTERNATIONAL C.V., )
PFIZER IRELAND PHARMACEUTICALS, )
WARNER-LAMBERT COMPANY, )
WARNER-LAMBERT COMPANY, LLC )
and )
WARNER-LAMBERT EXPORT LTD., )       Civil Action No. 07-138 (JJF)
 )
   Plaintiffs/Counterclaim-Defendants, )       **Filed Under Seal**
 )       **Highly Confidential Information**
     v. )
 )
RANBAXY LABORATORIES LIMITED, )
and RANBAXY INC., )
 )
   Defendants/Counterclaimants )

[Description of Contents]

In addition, any document that is to be filed with the Court and that contains or discloses CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be marked "FILED UNDER SEAL" on its cover page. Material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and filed under seal shall be maintained in such manner as provided for by the Court.

Unless the Court orders otherwise, attendance at a hearing or at a trial session in this Action at which material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION will be used or disclosed shall be limited to individuals entitled to have access to such materials under the terms of this Protective Order.

21.    Challenging Designations. The acceptance by any party of material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall not constitute an admission or concession, or permit an inference that such material is, in fact,

confidential. Any receiving party may at any time request that the designating party cancel or modify the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION designation with respect to any document, object or information. Such request shall be made to counsel for the designating party in writing, and shall particularly identify the designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that the receiving party contends is not confidential or not highly confidential and the reasons supporting its contention. If the designating party does not agree to remove the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION designation within ten (10) business days, then the party contending that such documents or material are not confidential may request by motion that the Court remove such material from the restrictions of this Protective Order. On such a motion, the party asserting confidentiality shall have the burden of proving that the material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION warrants protection under this Protective Order.

22.    Miscellaneous. This Protective Order shall not be construed to prevent any of the parties, or any THIRD PARTY, from applying to the Court for relief or further or additional protective orders, or from agreeing between or among themselves to modifications of this Protective Order, subject to the approval of the Court. The Protective Order shall not preclude the parties from enforcing their rights against any THIRD PARTY not associated with this Action who is believed to be violating their rights. The personnel set forth in paragraphs 14 and 15 may be increased by unanimous agreement of the parties to this Action without leave of the Court, or upon a showing, subject to the approval of the Court, by either Plaintiffs or Defendants that such modification is necessary.

23.    Survival of Obligations under Protective Order. With respect to any

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, this

Protective Order shall survive the final termination of this Action to the extent the information in

such material is not or does not become known to the public and continues to be binding upon all

persons to whom CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION is disclosed hereunder. Upon final termination of this Action, including all

appeals, receiving counsel may retain one copy or sample of all material designated

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION for

reference in the event of disputes over the use or disclosure of such material. Counsel may retain

all papers flied with the Court, and may retain documents, things, copies and samples to the

extent they include or reflect the receiving attorney's work product.

Upon final termination of this Action, including all appeals, however, all other copies and

samples of material designated CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION (including all deposition transcripts and production

documents, other than trial exhibits or exhibits to papers filed with' the Court) and any other

summaries, abstracts, excerpts, indices and descriptions of such material and information derived

from such material that are recorded in any tangible form, shall be: (i) assembled and returned

(except for any that may be retained by the Court) to the producing party; or, alternatively, (ii)

counsel for the receiving party may certify in writing the destruction thereof. Accordingly, upon

final termination of this Action, no one other than counsel shall retain any copies or samples of

any material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION. As to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION stored in computer databases or backup tapes or disks, the receiving party shall

either (1) delete all such CONFIDENTIAL INFORMATION, (2) restrict access to such material with passwords, or (3) designate the information CONFIDENTIAL in a manner reasonably calculated to prevent unauthorized access to the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

 24. Publicly Available Information.  The restrictions and obligations set forth herein relating to material designated CONFIDENTIALINFORMATION or HIGHLY CONFIDENTIAL INFORMATION by the parties to this Action shall not apply to any information of the parties which: (a) the producing or designating party or parties agree(s) should not be designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION; (b) the producing or designating party or parties agree(s), or the Court rules, is already public knowledge; (c) the producing or designating party or parties agree(s), or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees or agents in violation of this Protective Order, or (d) the producing or designating party or parties agree(s), or the Court rules, has come or shall come into the receiving party's legitimate knowledge or possession independently of the producing party under conditions such that its use and/or public disclosure by the receiving party would not violate any obligation to an opposing party to this Action.  The restrictions and obligations set forth herein shall not prohibit discussions of any material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION with any person who already has or obtains legitimate possession thereof.

CONNOLLY BOVE LODGE & HUTZ LLP


By:___/s/ Jeffrey B. Bove_____
           Rudolf E. Hutz (#484)
           Jeffrey B. Bove (#998)
           Mary W. Bourke (#2356)
           1007 N. Orange Street
           P. O. Box 2207
           Wilmington, DE 19809
           Tel: (302) 658-9141

           *Attorneys for Plaintiffs/Counterclaim-Defendants*


RICHARDS, LAYTON & FINGER, P.A.


By:___/s/ Frederick L. Cottrell_____

Of Counsel:               Frederick L. Cottrell III (#2555)
Darrell L. Olson           Jameson A.L. Tweedie (#4927)
Joseph M. Resiman        One Rodney Square
William R. Zimmerman     920 N. King Street
Payson LeMeilleur       Wilmington, DE 19899
KNOBBE, MARTENS, OLSEN  Tel: (302) 651-7700
& BEAR LLP
2040 Main Street, 14th Floor    *Attorneys for Defendants/Counterclaimants*
Irvine, CA 92614
(949) 760-0404


It is SO ORDERED this ___ day of _____, 2007.


_____
UNITED STATES DISTRICT COURT JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PFIZER INC., <br> PFIZER PHARMACEUTICALS, LLC, <br> PFIZER LIMITED, <br> C.P. PHARMACEUTICALS <br> INTERNATIONAL C.V., <br> PFIZER IRELAND PHARMACEUTICALS, <br> WARNER-LAMBERT COMPANY, <br> WARNER-LAMBERT COMPANY, LLC <br> and <br> WARNER-LAMBERT EXPORT LTD., <br><br>    Plaintiffs/Counterclaim-Defendants, <br><br>     v. <br><br> RANBAXY LABORATORIES LIMITED, <br> and RANBAXY INC., <br><br>    Defendants/Counterclaimants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   Civil Action No. 07-138 (JJF) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**UNDERTAKING OF_____**

I, _____, declare under penalty of perjury that:

25.  My present address is _____

26.  My present employer is _____, and

the address of my present employer is _____.

27.  My present occupation is _____

28.  I have received a copy of the Protective Order in this Action.  I have carefully

read and understand the provisions of the Protective Order,

29.  I will comply with all of the provisions of the Protective Order and hereby submit

to the jurisdiction of the United States District Court for the District of Delaware for the purpose

of the enforcement of the Protective Order in this Action.  I will hold in confidence, will not

disclose to anyone not qualified under the Protective Order, and will use only for purposes of this Action, any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, including the substance and any copy, summary, abstract, excerpt, index or description of such material, that is disclosed to me as well as any knowledge or information derived from any of the above mentioned items.

30.    I will return all CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained or from whom I received such material when requested to do so. I acknowledge that return of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

31.    I understand that if I violate the provisions of the Protective Order, I will be subject to sanctions by the Court and that the parties, or either of them, may assert other remedies against me. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Action.

Dated:_____     _____
                                                                Signature

556575

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2007, a true copy of the foregoing was hand delivered to defendants' counsel, and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and the document is available for viewing and downloading from CM/ECF:

> Frederick L. Cottrell, III, Esq.
> cottrell@rlf.com
> Jameson A.L. Tweedie, Esq.
> tweedie@rlf.com
> Richards, Layton & Finger, P.A.
> One Rodney Square
> Wilmington, DE 19801

I hereby certify that on September 14, 2007, I have sent by Electronic Mail the foregoing document to the following non-registered participants:

> Joseph M. Reisman, Esq.
> jreisman@kmob.com
> Darrell L. Olson , Esq.
> dolson@kmob.com
> John P. Giezentanner, Esq.
> jgiezentanner@kmob.com
> Payson LeMeilleur, Esq.
> plemeilleur@kmob.com
> William R. Zimmerman, Esq.
> wzimmerman@kmob.com
> Knobbe, Martens, Olson & Bear, LLP
> 2040 Main Street, 14th Floor
> Irvine, CA 92614

By: /s/ _Jeffrey B. Bove_
Jeffrey B. Bove (#998)
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 658-9141

533467_1.DOC